**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDGAR GUZMAN DE LA CRUZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2446

Agency No.
A088-721-411

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 22, 2025[**]
Pasadena, California

Before: BERZON, HIGGINSON, and SUNG, Circuit Judges.[***]

Petitioner Edgar Guzman De la Cruz, a native and citizen of Mexico, seeks

review of an order of the Board of Immigration Appeals ("BIA"), dated September

21, 2023, denying his untimely motion to reopen removal proceedings. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen A. Higginson, United States Circuit Judge for the Court of Appeals, Fifth Circuit, sitting by designation.

jurisdiction in part under 8 U.S.C. § 1252. *See Li v. Bondi*, 139 F.4th 1113, 1119–20 (9th Cir. 2025). We deny the petition in part and dismiss it in part.

The BIA's denial of a motion to reopen is reviewed for abuse of discretion. *See Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). "The BIA abuses its discretion when its decision is arbitrary, irrational, or contrary to law." *Id.* (quoting *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011)).

More than four years after the BIA's final administrative decision, Petitioner filed a motion to reopen seeking to apply for cancellation of removal under 8 U.S.C. § 1229b(b)(1) based on the Supreme Court's decision in *Niz-Chavez v. Garland*, 593 U.S. 155 (2021). According to Petitioner, his Notice to Appear lacked the date and time of his hearing and thus did not trigger the "stop-time" rule. *See id.* at 170.

A motion to reopen must generally be filed "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). In his motion before the BIA, Petitioner did not argue that any of the exceptions to the filing deadline apply or that the filing deadline should be equitably tolled. For this reason, the BIA did not abuse its discretion in denying Petitioner's motion as time-barred. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R § 1003.2(c)(2).

The BIA declined to use its discretion to reopen proceedings *sua sponte*. Petitioner has not identified a legal or constitutional error in the BIA's exercise of

discretion, including its determination that Petitioner did not qualify for prima facie eligibility for cancellation of removal. *See Li*, 139 F.4th at 1120; *Bonilla*, 840 F.3d at 585 (explaining that the BIA is "not required . . . to reopen proceedings *sua sponte* in exceptional situations," including "where there has been a fundamental change in the law" (quotation marks omitted)). Accordingly, we lack jurisdiction to review the BIA's denial of *sua sponte* reopening. *See id.* at 588.

**PETITION DENIED in part and DISMISSED in part.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues.